IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR3105 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| GAILYN BASS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before me for initial review of motions under 28 U.S.C. § 2255 seeking to set aside the petitioner's conviction and sentence. (Filings 372 and 383).[1] I deny and dismiss the motions with prejudice. Because they are moot, I also deny the related motions for discovery (filing 385) and to compel (filing 387). Briefly, my reasons for this decision are set forth below.

### *I.  BACKGROUND*

Like so many other young black men, Gailyn Bass (Bass) is serving a long prison sentence (210 months) because he trafficked in crack cocaine. After a trial

---

[1]Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

where eight witnesses testified about Bass's involvement in the sale of crack, a jury found the defendant guilty of conspiracy to distribute and possess with intent to distribute that substance. (Filing 217 (verdict form).) The jury specifically found beyond a reasonable doubt that Bass was responsible for 50 grams or more of the stuff. (Filing 217 at 2.) By appointment, Bass was represented in this court and on appeal by Michael D. Gooch (Gooch), a very experienced and extremely dedicated criminal defense lawyer.

Bass was sentenced on October 2, 2003. (Filings 244 (minutes) & 248 (judgment).) Before that, a presentence report (PSR) was prepared. (Filing 247.) Gooch filed a series of pleadings regarding sentencing. (E.g., filing 234 (motion to certify question to Nebraska Supreme Court), filing 235 (objection to presentence report), filing 236 (motion for downward departure), and filing 237 (27 page brief).)

After the issuance of tentative findings and a hearing, the presentence report was found to be correct. (Filings 243 (tentative findings) & 260 (sentencing transcript).) Bass's total offense level was 36, he had a criminal history category of II, and these calculations generated a custodial Guidelines range of 210 to 262 months in prison. (Filing 260 at 32-33.)

With Gooch's help, Bass prosecuted an appeal. However, on July 6, 2004 the Court of Appeals issued an unpublished opinion denying the appeal. (Filing 308 (certified copy of opinion filed in this court on September 16, 2004).) The Court of Appeals found that the verdict of the jury was supported by sufficient evidence. The Court of Appeals also decided that no plain error occurred when the prosecutor questioned an investigator about the absence of African-American undercover officers. Finally, the Court of Appeals determined that I did not clearly err by including Bass's juvenile conviction in his criminal history score without certifying to the Nebraska Supreme Court a question regarding the validity of the conviction.

On January 24, 2005, the Supreme Court granted Bass's petition for writ of certiorari and vacated the decision of the Court of Appeals. (Filing 311 (letter filed in this court on February 9, 2005).) The Supreme Court remanded the case to the Court of Appeals for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).

On January 27, 2006, the Court of Appeals once again denied Bass's appeal. Reviewing the sentence for plain error, the Court concluded that "Bass cannot show by a reasonable probability he would have received a more favorable sentence under an advisory Guideline regime." (Filing 355 at 2.) The Court of Appeals mandate reaffirming the case was filed in this court on March 2, 2006. (Filing 356.)

On September 20, 2006, Bass filed a 2255 motion. (Filing 372.) Since Bass did not file the motion using the proper form, I ordered the Clerk to send Bass the proper form and I ordered him to submit his motion using that form. (Filings 379 & 380.) Bass did so. (Filing 383.)

## II. ANALYSIS

In his amended motion, Bass presents four claims. (Filing 383 at 4-5). I review each of these four claims next.

### *Claim A*

First, Bass attacks my application of the criminal history provisions of the Guidelines. (Filing 383 at 4.) Specifically, he questions the use of a juvenile conviction that increased his criminal history category from I to II. (See Filing 247 (PSR ¶¶ 66 & 69.) Essentially, he asserts that the juvenile conviction did not count because he did not actually serve one year of probation.

There are at least three problems with this argument. Initially, Bass challenged the conviction on his direct appeal, and he lost. (Filing 308 at 3.) He cannot litigate it again as none of the exceptions to the "one bite of the apple rule" exist here. See, e.g., United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001) (issues raised and decided on direct appeal cannot ordinarily be litigated again in a collateral proceeding based on a motion to vacate; application of the miscarriage-of-justice exception to the finality rule is rare, and available only in the extraordinary case), cert. denied, 534 U.S. 1083 (2002).

Even if Bass could revisit this dispute, the copy of the order from the Separate Juvenile Court for Douglas County, Nebraska now relied upon by Bass states that he was "placed under the supervision of a Probation Officer for *one year* . . . ." (Filing 383-2 at 1 (emphasis added).) Guidelines section 4A1.2(c)(1)(A) (2002), upon which Bass relies, counts certain convictions when "the sentence was a *term* of probation of at least one year . . . ." (Emphasis added.) That was indisputably the case here, although it may also be true that Bass did not actually serve out the entire term.

Finally, U.S.S.G. § 4A1.2(c)(1)(A) does not apply since the underlying offense for the juvenile conviction was receiving stolen property (see filing 247, PSR ¶ 66), and that is not one of the offenses covered by section 4A1.2(c)(1)(A). On the contrary, the probation officer properly applied U.S.S.G. § 4A1.2(d)(2)(B) (pertaining to offenses committed prior to age 18) (filing 247, PSR ¶ 66),[2] and that section contains no requirement that a probation term be at least one year long.

---

[2]Bass was placed on probation in February of 1996 and the conspiracy in this case began as early as June 1 of 1997 and continued until at least June 19, 2001. (Filing 247, PSR ¶ 66 (describing juvenile case) and ¶ 1 (describing federal charges and conviction).) Thus, Bass's federal criminal activity occurred within the period covered by U.S.S.G. § 4A1.2(d)(2)(B) (counting juvenile convictions if the federal offense was commenced within 5 years of the juvenile conviction).

### *Claim B*

Bass next claims that he was the victim of "prosecutorial misconduct" regarding use of witnesses who had given "conflicting statement[s] prior to trial." (Filing 383 at 4.) Bass presented a variant of this claim to the Court of Appeals, and the Court of Appeals rejected it. The Court of Appeals observed that "the jury was aware of the plea agreements and any inconsistencies between the witnesses' trial testimony and prior statements." (Filing 308 at 2.)

To the extent that Bass now asserts that the government knowingly used false testimony, there is nothing in his submissions to support that claim. Bass merely rehashes his previously asserted argument that the evidence was insufficient because the witnesses who testified against him had a motive to lie and they gave inconsistent statements. That reheated argument is not nearly enough to proceed on a claim that the government knowingly used false evidence. See, e.g., Wadlington v. United States, 428 F.3d 779, 784 (8th Cir. 2005) (even if the testimony of witnesses during drug prosecution constituted perjury, defendant failed to demonstrate that government knew or should have known of alleged perjury at time testimony was presented and his 2255 motion was properly denied without an evidentiary hearing), cert. denied, 127 S. Ct. 723 (2006).

### *Claim C*

For his third claim, Bass asserts that "he can show 'PLAin error" in this instant case with or without raising an 'Booker' issue." (Filing 383 at 4 (font and syntax as in the original).) The petitioner attempts to use his 2255 motion to have me review and overturn the decision of the Court of Appeals that "Bass cannot show by a reasonable probability he would have received a more favorable sentence under an advisory Guideline regime." (Filing 355 at 2.) Because this issue was raised and

decided on direct appeal, I have no power to change the result. See, e.g., Wiley, 245 F.3d at 752.

Although it may provide Bass with cold comfort, I have given the "crack" Guidelines significant weight following the Supreme Court's decision in Booker even though I also been critical of those Guidelines. See, e.g., United States v. Tabor, 365 F. Supp. 2d 1052, 1058 (D. Neb. 2005), aff'd, 439 F.3d. 826, 831 (8th Cir. 2006). Thus, had Bass obtained a reversal because of the Booker decision, things would not have changed.

### *Claim D*

In his fourth claim, Bass argues that Gooch provided ineffective assistance of counsel. (Filing 383 at 5.) Bass's primary argument is that Gooch did not represent him vigorously regarding the handling of a witness statement. (E.g., filing 384 at 27-32 (petitioner's brief regarding investigation of Leon Sanders, quoting portions of the trial transcript).)

In order to prevail on a claim of ineffective assistance of counsel, Bass must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." Nguyen v. United States, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (affirming denial of § 2255 motion without a hearing in the face of an ineffective assistance of counsel claim; stating that no evidentiary hearing is required where "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted

as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.").

In general, Bass has completely failed to provide any legitimate basis for questioning Gooch's conduct. In the same vein, Bass has utterly failed to show that the result would have been any different had Gooch done something differently. After all, with eight witnesses pointing their fingers at the defendant, the government's case was strong to overwhelming.

Specifically, I have reviewed the portions of the trial transcript that Bass cites as grounds for his claim that Gooch did not properly handle the government's late production of information regarding the witness Leon Sanders. (E.g., filing 254 at 59-63 (trial transcript regarding statement of Leon Sanders).) I have also reviewed other portions of the trial transcript that Bass does not rely upon. (E.g., filing 254 at 114-115; filing 255 at CM/ECF pages 2-33.) In short, the trial transcripts demonstrate that Gooch effectively represented his client regarding Leon Sanders and nothing that Gooch did or failed to do prejudiced Bass.

IT IS ORDERED that Bass's section 2255 motions (filings 372, 383) are denied with prejudice. Judgment will be entered separately. The related motions for discovery (filing 385) and to compel (filing 387) are denied as moot.

April 3, 2007.                    BY THE COURT:

                                                *s/Richard G. Kopf*
                                                United States District Judge